## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) | |
| | ) | |
| | ) | |
| 201 Maryland Avenue, NE | ) | |
| Washington, DC  20002 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Action No.  23-cv-1437 |
| | ) | |
| UNITED STATES OFFICE OF | ) | **COMPLAINT FOR DECLARATORY** |
| THE DIRECTOR OF NATIONAL | ) | **AND INJUNCTIVE RELIEF** |
| INTELLIGENCE, | ) | |
| | ) | |
| Washington, DC 20511 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendant, the United States Office of the Director of National Intelligence ("ODNI"), to respond to Plaintiff's FOIA request as required by law, and seeking the disclosure and release of agency records improperly withheld by Defendant. Plaintiff also challenges and seeks relief for Defendant ODNI's violation of the FOIA and the First Amendment to the United States Constitution for selectively disclosing records based on the requestor and for its policy or practice or practice of doing so. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C.

§ 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has

exhausted its administrative remedies; and 28 U.S.C. §§1343(a)(4) and 1346.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-

profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law.

Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure

that those rights are protected under the law. Plaintiff also regularly monitors governmental

activity with respect to governmental accountability. Plaintiff seeks to promote integrity,

transparency, and accountability in government and fidelity to the rule of law. In furtherance of its

dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the

public records of federal, state, and local government agencies, entities, and offices, and

disseminates its findings to the public.

6.      Defendant ODNI is an agency of the United States within the meaning of 5 U.S.C. §

552(f)(1) and is headquartered at Office of the Director of National Intelligence, Washington, DC

20511. Defendant ODNI is in control and possession of some of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7.      Plaintiff requested records from Defendant pursuant to FOIA, 5 U.S.C. § 552 on April 28, 2021. *See*, Pl.'s FOIA Request, Exhibit A.

8.      Plaintiff's FOIA request, Pl.'s Ex. A, is hereby incorporated as if fully set forth herein.

9.      Plaintiff identified, in each of the subparts of its FOIA request, the specific records it seeks. *See* Pl.'s Ex. A.

10.     Plaintiff sent its ODNI FOIA request to Defendant ODNI's Director, Information Management Division via Federal Express, on April 28, 2021.

11.     The Defendant agency received Plaintiff's FOIA request letter on or about April 29, 2021, as shown on the Federal Express delivery notification emails and proof of delivery confirmation forms, attached as Plaintiff's Exhibit B, incorporated by reference as if fully set forth herein.

## CAUSE OF ACTION

## COUNT I

## Violation of the Freedom of Information Act, 5 U.S.C. § 552)

12.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this Complaint as if fully stated herein.

13.     The federal FOIA establishes a set of exemptions by which a federal agency may deny a request for records. 5 U.S.C. § 552(a)(6)(A)(i).

14.     Plaintiff has a statutory right to have Defendant respond to Plaintiff's FOIA request in a compliant manner and to process Plaintiff's FOIA requests in a timely manner, all in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

15.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552 and has failed to respond as required by the statute.

16.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

17.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the Defendant ODNI was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, the Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

18.     By failing to respond with a statutorily compliant determination (and in this case, with *any* determination or even an acknowledgment) to Plaintiff's lawful request for records, Defendant has failed to comply with FOIA's requirements for responding to a request for records and has violated Plaintiff's statutory rights.

19.     As Defendant has not responded to or acknowledged Plaintiff's FOIA request, there is no determination to administratively appeal.

20.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because the Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

21.     Plaintiff is being irreparably harmed by reason of Defendant's failure to respond.

22.     Plaintiff is being irreparably harmed by reason of Defendant's continued unlawful withholding of requested records.

23.      Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

24.     Additionally, based upon facts alleged below with respect to Count II, and to the extent the relief sought is not already encompassed within Count I or II of this Complaint, Plaintiff further

alleges that the Defendant ODNI has selectively enforced the requirements of FOIA and has selectively disclosed similar and comparable information only to certain parties, in violation of the FOIA.

25.    As has been recognized in this district, selective disclosure by an agency is a violation of the FOIA. "[T]he FOIA does not permit selective disclosure of information only to certain parties." *Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1082, 1088 (9th Cir. 1997); *see Horsehead Indus. v. United States EPA*, 999 F. Supp. 59 (1998 D.D.C.) (same).

26.    Plaintiff ACLJ has been harmed by Defendant's ODNI's unlawful selective disclosure.

**COUNT II**
**Violation of the First Amendment to the United States Constitution**

27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as if fully stated herein.

28.    As set forth in Plaintiff ACLJ's FOIA request, as evidenced on ODNI's website, the ODNI publicly released a number of former Acting Director Ric Grenell's unclassified emails pursuant to a FOIA request. The release is available at: ODNI, FOIA Case # DF-2020-00251 https://www.dni.gov/files/documents/FOIA/DF-2020-00251-docs.pdf.   The released documents are marked, "Approved for release by ODNI on 03-05-2021, FOIA Case # DF-2020-00251." *Id.* The released records were quite thorough, and include emails and text messages. *Id.*

29.    Further, the link to the released records are entitled as follows on the ODNI's FOIA webpage: "Emails sent and received by acting Director of National Intelligence Richard Grenell for Case # DF-2020-00251 (04-02-21)."   *See* ODNI, https://www.dni.gov/index.php/read-released-records. (Last visited May, 19, 2023).

30.    According to the ODNI's FOIA log, the request was submitted on May 28, 2020, by Jason Leopold, and the request is described as follows: "REQUEST ALL EMAILS SENT AND

RECEIVED BY ACTING DIRECTOR OF NATIONAL INTELLIGENCE RICHARD GRENELL." ODIN, FOIA Case # DF-2020-00251, the Request is available at https://www.dni.gov/files/documents/FOIA/2020/May_2020.pdf.

31.     At the relevant times, Jason Leopold worked for BuzzFeed News, and this is the same Jason Leopold who made the FOIA request at issue. *See* Jason Leopold, BUZZFEEDNEWS, https://www.buzzfeednews.com/author/jasonleopold; @JasonLeopold, Twitter (Feb 15, 2023, 10:51 AM) https://twitter.com/JasonLeopold/status/1625885566100471809.

32.     Upon information and belief, these documents were released to Leopold, and made publicly available on ODNI's website, in less than one year, without the requestor having to file a lawsuit, as no lawsuit case number is marked. Instead, only the ODNI's internal FOIA case number is marked. Further, the undersigned is unable to locate such a lawsuit on PACER.

33.     In contrast, Plaintiff ACLJ's FOIA request seeking related or comparable records has sat dormant at the ODNI *for over two (2) years*. Further, not so much as an acknowledgment has been received from the ODNI, let alone one that complies with the law as described above, at paragraphs 12-23.

34.     Leopold is a news reporter who describes himself as a "FOIA terrorist," *see* @JasonLeopold, Twitter https://twitter.com/JasonLeopold, (Last visited May, 19, 2023), who worked for Buzzfeed News, and together with Buzzfeed News is known to be critical of ODNI's former Acting Director, Ric Grenell, [1] and the presidential administration for which Grenell

---

[1] *See* Richard Grenell, @Jason Leopold, Twitter (Mar, 15, 2021, 8:01 PM) https://twitter.com/JasonLeopold/status/1371612526190895104; Richard Grenell, BUZZFEEDNEWS, https://www.buzzfeed.com/tag/richard-grenell. (Last visited May, 19, 2023).

worked,[2] and to be more inclined to favorably cover the current presidential administration and its officials.[3]

35.    The ACLJ is a news and legal organization which has been and is known to be critical of the current ODNI leadership, presidential administration, and the policies thereof.[4]  The ACLJ's viewpoint is well known. Further, Ric Grenell, former Acting Director of National Intelligence, serves as the ACLJ's Special Advisor for National Security and Foreign Policy. *See* Richard Grenell, ACLJ, https://aclj.org/writers/richard-a-grenell. (Last visited May, 19, 2023).

36.    The content of the ACLJ's FOIA request in this case, as well as the content and coverage of its FOIA requests in other cases, including those involving the ODNI, is widely reported by the ACLJ and other news outlets and organizations, and well known.

---

[2] *See* Donald Trump, BUZZFEEDNEWS,  Jason Leopold, Trump Officials Tried To Keep The Public In The Dark, But BuzzFeed News Never Stopped Fighting For Essential Documents, (Jan. 4, 2021, 10:53 AM), https://www.buzzfeednews.com/article/jasonleopold/buzzfeed-news-lawsuits-trump-documents.

[3] *See* Joe Biden, BUZZFEEDNEWS, Alice Lahoda, If This Last Week Taught Us Anything, It's That Literally No One Is Cooler Than A 79-Year-Old White President (Aug, 30, 2022), https://www.buzzfeednews.com/article/alicelahoda/is-joe-biden-cool-now-an-investigation; Joe Biden, BUZZFEEDNEWS, David Mack, Joe Biden Was SLAMMED For His Warning That The US, Still Reeling From An Attempted Coup, Is Facing Existential Threats That Could End Democracy As We Know It (Sept. 2, 2022, 12:04 PM), https://www.buzzfeednews.com/article/davidmack/biden-speech-democracy-threats-maga-trump-marines;  Donald Trump, BUZZFEEDNEWS, Jason Leopold & Anthony Cormier,   President Trump Directed His Attorney Michael Cohen To Lie To Congress About The Moscow Tower Project, (Jan. 17, 2019, 10:11 PM),   https://www.buzzfeednews.com/article/jasonleopold/trump-russia-cohen-moscow-tower-mueller-investigation;
Oliver Darcy, CNN, Reporter with checkered past comes back with Trump Tower Moscow bombshells for BuzzFeed, (Jan. 18, 2019, 8:12 PM), https://www.cnn.com/2019/01/18/media/buzzfeed-reporter-jason-leopold/index.html.

[4] *See*, *e.g.*, Jay Sekulow, ACLJ, Records Obtained by the ACLJ Show Clapper's ODNI Rushed to Change Raw SIGINT Sharing Rules Before President Trump's Inauguration, (Jan. 25, 2019) https://aclj.org/government-corruption/records-obtained-by-the-aclj-show-clappers-odni-rushed-to-change-raw-sigint-sharing-rules-before-president-trumps-inauguration; Jordan Sekulow, ACLJ,  ACLJ Files Lawsuit Against Biden Administration After Its Refusal To Answer Our FOIA Request Over Botched Afghanistan Withdrawal and Abandonment of Christians, (Dec. 6,    2021),    https://aclj.org/persecuted-church/aclj-files-lawsuit-against-biden-administration-after-its-refusal-to-answer-our-foia-request-over-botched-afghanistan-withdrawal-and-abandonment-of-christians;    DOS-ODNI-CIA-DOD, FOIA, Afghanistan, (8-30-2021) http://media.aclj.org/pdf/FOIA-to-DOS-ODNI-CIA-DOD-re-Afghanistan-08.30.2021_Redacted.pdf;  Jordan Sekulow, ACLJ, Biden Still Refuses To Reopen COVID-19 Investigation After Fauci Emails; ACLJ Files FOIA Lawsuit Demanding All Records, Including Funding for Wuhan Institute, (Jun. 10, 2021) https://aclj.org/government-corruption/biden-still-refuses-to-reopen-covid-19-investigation-after-fauci-emails-aclj-files-foia-demanding-all-records-including-funding-for-wuhan-institute;    DOS-ODNI-CIA-DOD,    FOIA, COVID-    Origin    (5-27-2021),    http://media.aclj.org/pdf/FOIA-to-DOS,-NIH,-ODNI-re-COVID-Origin-05.27.2021_Redacted.pdf; (last access in May 19.2023). Jordan Sekulow, ACLJ, SHOCKING CNN POLL Revelation, (Feb. 11, 2021), https://aclj.org/public-policy/shocking-cnn-poll-revelation.

37.     As has been recognized in this District, an agency's actions, policy or practice of selectively disclosing records or enforcing the terms of the FOIA based upon the request or requestor's inclination to criticize or embarrass is a content- or viewpoint-based violation of the First Amendment. *See Phillips v. Dist. of Columbia*, 2022 U.S. Dist. LEXIS 79291, **18-19 (May 2, 2022) (allegations that the agency applied differential treatment to requests seeking certain content (information that would likely embarrass the agency) and expressing a certain viewpoint (criticism of the agency) sufficiently stated a claim).

38.     Defendant ODNI gave the ACLJ's FOIA request unfavorable treatment because of the ACLJ's inclination to criticize the agency.

39.     Defendant ODNI maintains an unofficial, unwritten policy or practice requiring FOIA officers to give or by which FOIA officers give, FOIA requests unfavorable treatment that may lead to criticism of the agency, specifically those originating from news reporters, organizations, or people known to be critical of the agency or its politically appointed leadership, or those containing requests for information with the potential to embarrass the agency or cast the agency in a negative light.

40.     Alternatively, Defendant ODNI maintains an unofficial policy or practice requiring FOIA officers to give, or by which FOIA officers give, unfavorable treatment to FOIA requests that may lead to criticism of the agency, specifically those originating from news reporters, organizations, or people known to be critical of the agency or its politically appointed leadership, or those containing requests for information with the potential to embarrass the agency or cast the agency in a negative light.

41.    The Defendant ODNI's policy or practice evinces a clear intent to apply differential treatment to requests seeking certain content (information that would likely embarrass the agency) and expressing a certain viewpoint (criticism of the agency).

42.    The FOIA policy or practice, then, "targets . . . specific subject matter" and regulates "speech based on the specific motivating ideology or the opinion or perspective of the speaker." *Phillips v. Dist. of Columbia*, 2022 U.S. Dist. LEXIS 79291, **18-19 (May 2, 2022) (internal brackets removed) (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 168-69, 135 S. Ct. 2218 (2015) (defining content-and viewpoint-based regulation) (internal quotation marks and citations omitted)).

43.    The Defendant's policy is thus "a paradigmatic example of a content- and viewpoint-based policy." *Id.* at *19.

44.    The Defendant ODNI lacks a compelling reason to supports its content- and viewpoint-based policy or practice, or any other compelling governmental interest.

45.    To the extent there was such a compelling reason, the Defendant ODNI's actions are not the least restrictive means of accomplishing it.

46.    By its policy or practice, on its face and as applied, Defendant ODNI violated the First Amendment.

47.    Plaintiff ACLJ is injured and irreparably harmed by Defendant ODNI's conduct.

48.    Plaintiff ACLJ has been and will continue to be harmed as a direct and proximate result of Defendant ODNI's violations of its rights, and Plaintiff requests the relief set forth below in its Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a)    An Order that Defendant issue a determination;

(b)    An Order that Defendant shall conduct a diligent search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(c)    An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(d)    An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(e)    A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(f)    An Order declaring Defendant's actions, policy or practice violated Plaintiff's rights under the First Amendment to the United States Constitution;

(g)    An Order enjoining Defendant from continuing its action or carrying out its policy or practice or otherwise further violating Plaintiff's rights under the First Amendment to the United States Constitution;

(h)    An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(i)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: May 19, 2023.                    Respectfully submitted,

                                        THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW                        /s/ *John A. Monaghan*
   (D.C. Bar No. 496335)                JOHN A. MONAGHAN
   *COUNSEL OF RECORD*                     (D.C. Bar. No. VA109)
JORDAN SEKULOW                          BENJAMIN P. SISNEY
   (D.C. Bar No. 991680)                   (D.C. Bar. No. 1044721)
STUART J. ROTH                          201 Maryland Avenue, N.E

(D.C. Bar No. 475937)
*Counsel for Plaintiff*

Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org
Email: jmonaghan@aclj.org
*Counsel for Plaintiff*